# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2314 | **DATE** | May 6, 2008 |
| **CASE TITLE** | Jaime Melendez (#2005-0068408) vs. Todd Stroger | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $5.50 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court appoints Lorie Chaiten, Roger Baldwin Foundation of ACLU Inc., 180 N. Michigan, Suite 2300, Chicago, IL 60601, (312) 201-9740 ext. 324 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the President of the Cook County Board of Commissioners, has violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs and by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he has been denied access to a dentist since June despite complaints of persistent pain; he additionally maintains that the food is cold and nutritionally inadequate, that there is inadequate heat and ventilation, and that the staff does not observe sanitary practices.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each

**(CONTINUED)**      mjm

**STATEMENT  (continued)**

time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint.  Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action with respect to the conditions of his confinement.  Although a more fully developed record may establish that the plaintiff has suffered no hardship of constitutional magnitude, it is not the case that he could prove "no set of facts" entitling him to relief.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

However, the complaint on file is unacceptable.  The plaintiff has not named a proper defendant.  The President of the Cook County Board of Commissioners cannot be held liable for the actions of the Sheriff's Department.  Illinois law specifically provides that the Cook County Department of Corrections is a department created within the office of the Cook County Sheriff.  *See* 55 ILCS 5/3-15002 and 15003 (2004).  Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer."  *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000), *quoting Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).  It is the Sheriff who has final policymaking authority over jail operations, not the Cook County Board or its president.  *Wade v. Stroger*, No. 98 C 4262, 2000 WL 992286, at *3 (N.D. Ill. June 22, 2000) (Zagel, J.).  Stroger accordingly cannot be held liable for any constitutional violations the plaintiff may have endured while in the custody of the Cook County Department of Corrections.  *Id.*

Because the plaintiff does not appear to have the wherewithal to litigate this matter, the court hereby appoints Lorie Chaiten, Roger Baldwin Foundation of ACLU Inc., 180 N. Michigan, Suite 2300, Chicago, IL 60601, (312) 201-9740 ext. 324 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.  After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.  If counsel is unable to file an amended complaint, she should so inform the court.